UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61416-CIV-DIMITROULEAS

CHRISTOPHER ALLEN VIZENOR,

    Plaintiff,

v.

LMP MOTORS.COM, LLC D/B/A LMP
FINANCE, LLC, SAMER SALAHEL-DIN
TAWFIK,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants LMP MOTORS.COM, LLC, d/b/a LMP Finance LLC ("LMP"), and SAMER SALAHEL-DIN TAWFIK ("Tawfik") (collectively, "Defendants")'s Motion to Dismiss Plaintiff's Complaint [DE 9], filed herein on August 31, 2018. The Court has carefully considered the Motion, Plaintiff Christopher Allen Vizenor ("Plaintiff")'s Response [DE 10], Defendants' Reply [DE 16], and is otherwise fully advised in the premises.

### I.     Background

This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"). Plaintiff initiated this action on June 24, 2018. [DE 1].   According to the allegations of the Complaint [DE 1] and the Statement of Claim attached thereto [DE 1-3], which the Court assumes as true for purposes of this motion to dismiss:

Defendant LMP was and is a business engaged in automobile sales and Defendant Tawfik

was and is a manager of Defendant LMP. *See* [DE 1] at ¶¶ 4-5.  Tawfik controlled Plaintiff's duties, hours worked, and compensation. ¶ 5.  Plaintiff worked for Defendants from at least January 1, 2018 through March 12, 2018 as a general sales manager. ¶ 7; [DE 1-3].

Plaintiff alleges that Defendants failed to compensate him a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours each week. ¶ 8.  Plaintiff alleges that Defendants failed to pay him his full and proper minimum wages for certain hours worked during his employment. ¶ 9.  Plaintiff alleges that Defendants failed to pay Plaintiff any compensation for entire periods of his employment. ¶ 10.  Plaintiff alleges that Defendants failed to pay Plaintiff his full and proper commissions. ¶ 11.  Plaintiff alleges that Defendants failed to pay Plaintiff his monthly pay of $5,000 for the month of March 2018. ¶ 12.

Plaintiff attached, as an exhibit to his Complaint, a Statement of Claim, detailing each time period for which Plaintiff alleges he was not properly compensated, the type of pay he alleges he was not paid, and his calculations of the total unpaid minimum wages, overtime wages, liquidated damages, and unpaid commissions. *See* [DE 1-3].

The Complaint alleges two claims:   Count I against both Defendants for violation of the unpaid minimum wage provision and the overtime time-and-a-half wage provisions of the FLSA; and Count II against Defendant LMP for breach of contract and failure to pay the contractual agreed-upon wages.

## II.   Standard of Review

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

(1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

The court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

### III.   Discussion

#### a. Motion to Dismiss

Through the instant Motion, Defendants seek dismissal of the Complaint for failure to state a claim on the grounds that Plaintiff's allegations regarding his compensation are confusing, conclusory, and not adequately supported by factual allegations.

As to Count I, for violation of the overtime and minimum wages provisions of the FLSA, the Court finds that the claim is sufficiently pled.   Plaintiff adequately alleges an employment relationship with Defendants and the time period for such employment. *See* [DE 1] at ¶¶ 2-7; [DE

1-3]. Plaintiff also adequately alleges the period of time for which Plaintiff alleges he was not properly compensated, the type of pay he alleges he was not paid, and the calculations of the total unpaid minimum wages, overtime wages, liquidated damages, and unpaid commissions. *See* [DE 1-3]. Further, the Court agrees with Plaintiff that the allegations of a Complaint are not required to negate the possibility of an FLSA exemption or independent contractor status to avoid dismissal. *See Burton v. Hillsborough Cty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006) (plaintiff not required to anticipate and negate a possible exclusion to FLSA coverage, which is an affirmative). Defendants may argue exemptions from the FLSA at summary judgment or trial, if appropriate.

As to Count II, Plaintiff's claim against Defendant LMP for breach of contract and failure to pay the contractual agreed-upon wages, the Court agrees with Defendant LMP that this claim is insufficiently pled.[1] If Plaintiff wishes to proceed with this claim, he must allege sufficient facts to support the existence of the purported "oral and/or written contract" and the terms thereof which were allegedly breached.

### IV. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Complaint [DE 9] is **GRANTED IN PART AND DENIED IN PART** as set forth herein;

2. Count I shall proceed;

3. Count II is **DISMISSED WITHOUT PREJUDICE,** with leave to amend consistent with this Order;

---

[1] Notably, Plaintiff's response does not address the alleged deficiencies of Count II.

4. On or before October 18, 2018, Plaintiff shall either file an Amended Complaint or file a Notice stating that he is proceeding only on Count I.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of October, 2018.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record